IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Mirza Hyder Ali** | ) | |
|        Plaintiff, | ) | Civil Action |
| | ) | File No. |
| v. | ) | |
| | ) | |
| **United States Postal Service,** | ) | Jury Demanded |
|        Defendant. | ) | |
| | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF Mirza Hyder Ali ("Mr. Ali" or "Plaintiff") files this complaint against Defendant United States Postal Service ("USPS"), and alleges the following:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Mr. Ali brings this civil action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and state substantive law, seeking unpaid overtime wages, regular wages, liquidated damages, contractual damages, the reasonable value of services (*quantum meruit*), attorney's fees, costs of the action, and pre- and post-judgment interest.

2. Defendant, USPS, is an entity created by the Congress of the United States, whose primary purpose is the delivery of mail in the United States.

3. Mr. Ali worked for the USPS at two locations in Houston, Texas.

4. In violation of 29 U.S.C. § 207(a) and 29 U.S.C. § 206(a), and in violation of Texas state substantive law, USPS failed to pay Mr. Ali's wages, including overtime wages, during the period beginning November 20, 2021, and ending December 16, 2021.

5. Defendant's willful failure to pay Mr. Ali's wages, despite his repeated efforts to receive those wages, requires this litigation.

1

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as Plaintiff's claims arise under 29 U.S.C. § 216(b).

7. Mr. Ali also brings related state substantive law claims that fall under this Court's jurisdiction pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

9. During the relevant period, Plaintiff, **Mirza Hyder Ali**, was a resident of Harris County, Texas.

10. Defendant, **USPS**, is an entity created by the Congress of the United States, whose primary purpose is the delivery of mail in the United States. Service on USPS may be perfected in accordance with the temporary emergency accommodation issued as a result of COVID-19 by the United States Attorney for the Southern District of Texas, Ms. Jennifer B. Lowery, on June 7, 2021, and extended through June 7, 2022.

11. The U.S. Attorney's emergency accommodation partly states that "[a] copy of any summons, complaint or emergency motion shall be emailed to USATXS.CivilNotice@usdoj.gov. A paper copy shall be mailed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, Texas 77002. Hand delivery may not be accepted." [1]  On March 3, 2022, Plaintiff's counsel called the U.S. Attorney's office and verified that the emergency accommodation has been extended, and thus in effect, until June 7, 2022.

---

[1] The U.S. Attorney's COVID-19 temporary emergency accommodation regarding service of process may be found at the website of The United States District Court for the Southern District of Texas, as follows:

https://www.txs.uscourts.gov/sites/txs/files/Service%20of%20Process-Civil%20Cases-%20June%202021.pdf

12. Whenever this complaint alleges that Defendant committed any act or omission, it is meant that such act or omission was not only committed by the Defendant, but also by Defendant's mangers, agents and/or employees. Further, all such acts or omissions occurred with full authorization, ratification or approval of the Defendant, and/or occurred in the routine normal course and scope of employment of one or more of Defendant's mangers, agents and/or employees.

## IV.
## FLSA Coverage

13. Plaintiff alleges a willful violation of the FLSA, and for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment. Mr. Ali's asserted claims arise and are fully contained within the relevant period.

14. During the relevant period, Defendant was an "employer". 29 U.S.C. § 203(d).

15. During the relevant period, Mr. Ali was an "employee". 29 U.S.C. § 203(e).

16. During the relevant period, Defendant was an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" because it had employees, including Mr. Ali, who were engaged in commerce and in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

17. Defendant had gross business volume in excess of the statutory standard of $500,000.000 annually during the relevant period.

18. Defendant had employees, including Mr. Ali, handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendant's commercial activity of delivering packages throughout the United States.

19. During the relevant period, the work Mr. Ali performed was directly essential to the business performed by Defendant.

## V.
### FACTS

20. USPS assigned Mr. Ali an employee identification number (06253080) and employed him from November 20, 2021, until December 16, 2021.

21. During this period, Mr. Ali worked at two USPS locations: (1) 7050 Brookhollow West Drive, Houston, Texas 77040 and (2) 315 Addicks-Howell Road, Houston, Texas 77079.

22. USPS agreed to pay Mr. Ali's wages on an hourly basis at $19.70 per hour.

23. Despite Mr. Ali's hours being properly recorded and approved by his supervisors, USPS has failed to pay Mr. Ali's wages, which include overtime wages.

24. Plaintiff inquired many times about his unpaid wages to no avail, and he thus brings suit as a result of USPS' failure to make any effort to pay Mr. Ali.

25. Although Mr. Ali was a non-exempt employee, he received no overtime pay despite working in excess of 40 hours during at least one workweek of his employment.

26. Defendant willfully and purposefully failed to pay the overtime wages Mr. Ali earned and was owed under the FLSA.

27. To the maximum extent of the law, Mr. Ali now seeks to recover from the Defendant all overtime wages due. Mr. Ali also seeks the straight-time wages he earned during the period of his employment, which remain unpaid.

## VI.
### CAUSES OF ACTION AND DAMAGES SOUGHT

### COUNT – 1

### Violations of the FLSA – Failure to pay overtime and straight-time wages

28. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

29. USPS failed to pay Mr. Ali's overtime wages in violation of 29 U.S.C. § 207(a). Additionally, USPS failed to pay Mr. Ali's straight-time wages in violation of 29 U.S.C. § 206(a).

30. Defendant committed repeated and willful violations of 29 U.S.C. § 207(a) and of 29 U.S.C. § 206(a) on a weekly basis.

31. Mr. Ali was a non-exempt hourly employee of USPS – that is, he was entitled to receive overtime pay for all hours he worked in excess of 40 during each seven-day workweek.

32. During his employment with USPS, Mr. Ali worked overtime hours during at least one workweek at the request of his employer.

33. Despite Defendant's awareness of the overtime pay requirement 29 U.S.C. § 207(a) imposed upon it, Defendant failed to pay Mr. Ali's overtime wages.

34. Despite Defendant's awareness of the straight-time pay requirement 29 U.S.C. §206(a) imposed upon it, Defendant failed to pay Mr. Ali's straight-time wages.

35. Defendant's knowing, repeated and consistent failure to pay Mr. Ali's overtime and straight-time wages on a weekly basis amounts to a clear and willful pattern and practice of illegal conduct the FLSA prohibits.

36. Mr. Ali thus seeks all unpaid overtime and straight-time wages, along with an equal additional amount as liquidated damages allowed by 29 U.S.C. § 216(b).

COUNT – 2

Breach of Contract – Failure to pay wages

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

38. The parties' employment relationship created upon the Defendant an enforceable obligation to pay wages and other employment benefits that remain unpaid and owed to Mr. Ali.

39. Defendant had a contractual obligation to timely compensate Mr. Ali at the agreed upon wage rate in exchange for the services he rendered for Defendant's benefit.

40. USPS breached the parties' agreement by failing to pay, on a timely basis, the wages earned and owed to Mr. Ali during the relevant period.

41. As a result of Defendant's breach, Mr. Ali suffered damages and is entitled to recover all such damages to the maximum extent allowed under the law.

COUNT – 3

*Quantum Meruit*

42. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

43. By failing to pay Mr. Ali's wages, USPS has denied the reasonable value of services Mr. Ali rendered to the Defendant. As a result, Mr. Ali suffered monetary damages in an amount to be determined by the jury at trial.

44. Mr. Ali now sues for the reasonable value of services he performed for the Defendant, which remains unpaid and due.

Plaintiff's Damages

45. In addition to the unpaid overtime and straight-time wages, Mr. Ali seeks liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b).

46. Mr. Ali further seeks all damages resulting from Defendant's breach of their employment agreement.

47. Mr. Ali seeks, under *quantum meruit,* the reasonable value of services that he performed for the Defendant.

48. Mr. Ali seeks pre- and post-judgment interest at the highest prevailing legal rate.

## VII.
## JURY DEMAND

49. Mr. Ali demands a jury trial.

## VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE STATED REASONS, Plaintiff Mirza Hyder Ali respectfully requests that upon final hearing, the Honorable Court grant relief by entering a Final Judgment against the United States Postal Service, as follows:

a. Declare the Defendant willfully violated 29 U.S.C. § 207(a) because it repeatedly and consistently failed to pay Mr. Ali's overtime wages;

b. Order the Defendant to pay Mr. Ali's unpaid overtime wages;

c. Declare the Defendant willfully violated 29 U.S.C. §206(a) because it repeatedly and consistently failed to pay Mr. Ali's straight-time wages;

d. Order the Defendant to pay Mr. Ali's unpaid straight-time wages;

e. Order the Defendant to pay liquidated damages in an amount equaling the overtime and straight-time wages assessed by the jury;

f. Declare the Defendant breached the parties' employment agreement;

g. Order the Defendant to pay all damages resulting from Defendant's breach of the parties' employment agreement, including payment of all wages Mr. Ali earned during his employment with USPS;

h. Order the Defendant to pay under *quantum meruit* the reasonable value of services Mr. Ali performed for USPS;

i.       Order the Defendant to pay Mr. Ali's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code § 38.001;

j.       Order the Defendant to pay pre-judgment interest at the highest lawful rate on all assessed amounts other than overtime and straight-time wages, and liquidated damages; and,

k.       Order the Defendant to pay post-judgment interest at the highest lawful rate on all amounts assessed as overtime wages, straight-time wages, liquidated damages and attorney's fees and costs under 29 U.S.C. § 216(b).

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff
Mirza Hyder Ali**