IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Mirza Hyder Ali** | ) | |
|     **Plaintiff,** | ) | **Civil Action** |
| | ) | **File No. 4:22−cv−00692** |
| **v.** | ) | |
| | ) | |
| **United States Postal Service,** | ) | **JUDGE CHARLES ESKRIDGE** |
|     **Defendant.** | ) | |
| | ) | |

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   On May 11 and June 3, 2022, the parties conducted their Rule 26(f) conference. Salar Ali Ahmed represented Mirza Hyder Ali (the "Plaintiff"). Annalisa Cravens represented United States Postal Service (the "Defendant").

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

   Plaintiff brings this civil action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") seeking unpaid overtime wages. Plaintiff also sues for non-overtime wages under the FLSA and state substantive law. Defendant denies Plaintiff's allegations.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216 (b).

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

   None.

**6.**     **List any anticipated interventions. Briefly explain why.**

None.

**7.**     **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

None.

**8.**     **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

The parties agree to exchange their initial disclosures pursuant to Rule 26(a) within thirty (30) days after the date of the scheduling conference.

**9.**     **Apart from initial disclosures, specify other discovery served or accomplished to date.**

None at this time. However, each party agrees to produce the documents and information as required in <u>Form 7: Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Action</u>.

**10.**    **Describe the proposed agreed discovery plan. At a minimum, include:**

**a.** **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

Plaintiff's discovery will include the following:

  i. Plaintiff's time and pay records, if any, maintained by the Defendant;

  ii. Fact discovery regarding software or other electronic systems the Defendant utilized to maintain Plaintiff's time and pay records;

  iii. Fact discovery regarding any relevant electronic data pertaining to Plaintiff's employment;

  iv. Fact discovery regarding unpaid wages owed to Plaintiff.

To the extent electronically stored information is within the scope of proper discovery, is reasonably accessible, and/or becomes necessary, any such production shall be in hardcopy format unless otherwise agreed.

b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

   i. Plaintiff anticipates propounding interrogatories upon the Defendant no later than 33 days prior to the discovery cutoff date;

   ii. the Rule 33(a) limit of 25 interrogatories per party should apply; and,

   iii. see (ii) above.

c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

   Defendant anticipates sending interrogatories at least 30 days before the close of discovery.

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

   i. Plaintiff anticipates deposing Defendant's designated Rule 30(b)(6) witness within the discovery cutoff date;

   ii. the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply; and,

   iii. see (ii) above.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

   Defendant anticipates deposing Plaintiff and any other witnesses it may become aware of through the course of discovery.

f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

   Plaintiff will designate any experts by <u>January 24, 2023</u>.

   Defendant will designate any experts by <u>February 23, 2023</u>.

**g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

By close of the discovery deadline, Plaintiff will depose any experts Defendant timely designates.

**h. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

By close of the discovery deadline, Defendant will depose any experts Plaintiff timely designates.

**11. State the date by which the parties can reasonably complete the planned discovery.**

April 11, 2023.

**12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

At this time, the parties are in agreement regarding the foregoing discovery plan.

**13. Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Plaintiff will forward a settlement demand to the Defendant within the thirty (30) days after the Defendant forward's Plaintiff's time and pay records, if any. Thereafter, the parties agree to engage in informal settlement discussions.

**14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

In the event the parties are unable to resolve Mr. Ali's claims by settlement discussions between counsel, the parties agree to conduct, by June 27, 2023, mediation or settlement conference before the Magistrate Judge.

**15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

The parties cannot agree to trial before a Magistrate Judge.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Plaintiff made a timely jury demand in Plaintiff's Original Complaint filed on March 4, 2022 (Doc. No. 1).

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

    The parties anticipate that it will take two days to present the case.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

    None.

19. **List other pending motions.**

    None.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference.**

    None.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

    The parties are in agreement with the dates / deadlines set forth in the Court's Scheduling and Docket Control Order entered March 17, 2022 (Dkt. #3).

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff filed his Certificate of Interested Parties on April 5, 2022 (Dkt. #5). Under Federal Rule of Civil Procedure 7.1(a), the government is exempt from the disclosure requirement.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

    Not applicable.

**24.** **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

Counsel for Plaintiff:
Salar Ali Ahmed
Ali S. Ahmed, P.C.
State Bar No. 24000342
Federal Bar No. 32323
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
aahmedlaw@gmail.com

Counsel for Defendant:

Annalisa L. Cravens
Assistant U.S. Attorney
Texas Bar No. 24092298
S.D. Texas Bar No. 2791281
U.S. Attorney's Office for the Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Tel: 713-567-9489
annalisa.cravens@usdoj.gov

Respectfully Submitted,

6/6/2022                    /s/ *Salar Ali Ahmed*
Date                         Salar Ali Ahmed
                             Counsel for Plaintiff

6/6/2022                    /s/ *Annalisa L. Cravens*
Date                         Annalisa L. Cravens
                             Counsel for Defendant